MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837
STAFF ATTORNEY
24301 Southland Blvd. Suite 200
Hayward, CA 94545-1541
(510) 266-5580

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                              Chapter 13

MELANIE ANN MORAN                   CASE NO. 10-47709 LT 13

        Debtor,                     **CHAPTER 13 STANDING
                                    TRUSTEE'S MOTION
                                    TO DISMISS WITH PREJUDICE**

_____/

COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) requesting that this case be dismissed with prejudice pursuant to Section 1307 (c) of the Bankruptcy Code based on the bad faith of the debtor in the commencement of this case. The Trustee also requests that the Debtor be barred from filing any case under the

1

Case: 10-47709   Doc# 12   Filed: 07/20/10   Entered: 07/20/10 14:36:38   Page 1 of 5

Bankruptcy Code for a period of 12 months from the date of the dismissal order.

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

**FACTS**

Debtor Melanie Ann Moran ("Debtor") filed a Chapter 13 case on July 8, 2010. The Debtor is not represented by an attorney. This is the Debtor's third case in one year.

The Debtor has filed three prior cases in the past four months as follows:

Case number 10-43514 EDJ 13 filed on March 30, 2010. The Debtor was not represented by an attorney. The case was dismissed prior to confirmation upon Debtor's failure to comply with Court Order to File Required Documents. The court entered a Dismissal Order on April 19, 2010.

Case number 10-45161 LT 13 filed on May 5, 2010. The Debtor was not represented by an attorney. The case was dismissed prior to confirmation upon Debtor's failure to comply with Court Order to File Required Documents. The court entered a Dismissal Order on May 26, 2010.

The instant case was filed on July 8, 2010. The court filed an Order to File Required Documents on July 9, 2010.

2

Case: 10-47709   Doc# 12   Filed: 07/20/10   Entered: 07/20/10 14:36:38   Page 2 of 5

# DISMISSAL OF THIS CASE IS WARRANTED UNDER SECTION 1307 OF THE BANKRUPTCY CODE

11 U.S.C. Section 1307 subsection c provides "that on request of a party in interest . . . and after notice and hearing, the court may convert a case under this chapter to case under chapter 7, or may dismiss a case under this chapter, whichever is in the best interest of the creditors and the estate, for cause. . ."

The Ninth Circuit Court of Appeals established the standard of bad faith as "cause" to dismiss a Chapter 13 case with prejudice. *In re Leavitt,* 171 F.3d 1219 (9th Cir. 1999). The Ninth Circuit found that the phrase "unless the court, for cause, orders otherwise," in Section 349 (a) gives the Bankruptcy Court authority to dismiss cases with prejudice. *In re Leavitt,* at 1223. The court went on to outline the "totality of the circumstances" test that should be used in determining bad faith as cause for the dismissal of a Chapter 13 case. The Bankruptcy Court should consider the following factors:

(1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner;
(2) "the debtor's history of filings and dismissals,"
(3) whether the "debtor only intended to defeat state court litigation,"
(4) whether egregious behavior is present;

*In re Leavitt,* at 1224.

Case: 10-47709   Doc# 12   Filed: 07/20/10   Entered: 07/20/10 14:36:38   Page 3 of 5

Certainly in the instant case the Debtor has unfairly manipulated the Bankruptcy Code by filing four cases within the last year. She has repeatedly failed to file the documents needed to prosecute her case.

Although the Debtor is not entitled to any automatic stay due to filing three bankruptcy cases within a calendar year, a dismissal with prejudice and a bar from refiling are needed to prevent the Debtor from further abusing the bankruptcy system.

WHEREFORE, the Trustee respectfully requests that the Court issue an order dismissing this Chapter 13 case with prejudice. The Trustee also requests that the Debtor be barred from any future bankruptcy filing without prior Court Order for 12 months from the date of any Order of Dismissal in this case.

Further the Trustee requests that any filing in violation of the dismissal order be deemed null and void and subject to dismissal without notice to the Debtor.

RESPECTFULLY SUBMITTED:

Dated: July 19, 2010

/s/Martha G. Bronitsky 5909
Signature of Martha G. Bronitsky
Chapter 13 Standing Trustee

/s/Leo G. Spanos 5909

4

Signature of Leo G. Spanos, Esq. for
Martha G. Bronitsky, Esq.
Chapter 13 Standing Trustee

5